UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNDRA M. BROWN,

    Plaintiff,

v.

CONSUMERS CREDIT UNION, et al.,

    Defendants.
_____/

Case No. 1:24-cv-1331

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This is a civil action filed by a *pro se* litigant. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (ECF No. 4) on December 20, 2024, recommending that this Court dismiss this action for lack of subject matter jurisdiction. On January 6, 2025, Plaintiff filed a motion (ECF No. 6), which the Court construes as an objection to the Report and Recommendation, and a request to amend and transfer. A few days later, Defendants Consumers Credit Union, Shawn Detamore, Matthew Dygert, Kris Grice, Christy Lash, Caleb Boyle (named as Cale B., Accountant), and Petrea Shumacher filed a Motion to Dismiss (ECF No. 7). On January 22, 2025, at this Court's request (Order, ECF No. 8), Defendants filed a response to Plaintiff's objection (ECF No. 9). On January 30, 2025, Plaintiff filed a motion for default judgment (ECF No. 10).

In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which Plaintiff objects. "Before a federal court takes up a case's merits, it

must assure itself of its jurisdiction over the case's subject matter." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). Here, the Magistrate Judge determined that (1) Plaintiff's "vague statements or references to federal law or subjects arising under federal law are insufficient to give rise to federal question jurisdiction" under 28 U.S.C. § 1331, and (2) Plaintiff has not supplied allegations in support of diversity jurisdiction under 28 U.S.C. § 1332(a) (*id.* at PageID.515–517).

Plaintiff identifies no factual or legal error in the Magistrate Judge's conclusion that federal-question jurisdiction does not exist. And, as Defendants more fully set forth in their response (ECF No. 9 at PageID.545), Plaintiff also fails to make a specific objection to the Magistrate Judge's conclusion that diversity jurisdiction does not exist. *See Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (explaining that a cause of action is presumed to lie outside the court's limited jurisdiction, and "[t]he burden of establishing the contrary rests upon the party asserting jurisdiction"). "[O]nce a court determines that jurisdiction is lacking, it can proceed no further and must dismiss the case on that account." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 434 (2007). Therefore, the Court denies Plaintiff's objection and request to amend and transfer, dismisses the remaining pending motions as moot, and closes this case. A Judgment will be entered consistent with this Memorandum Opinion and Order. *See* FED. R. CIV. P. 58. Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's objection and request to amend and transfer (ECF No. 6) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 4) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED for lack of subject matter jurisdiction.

3

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 7) and Plaintiff's motion for default judgment (ECF No. 10) are DISMISSED as moot.

Dated:  March 6, 2025                                  /s/ Jane M. Beckering
                                                                           JANE M. BECKERING
                                                                           United States District Judge